NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WANDA WILLIAMS, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Civil Action No. 07-CV-3227 (DMC) |
| EAST ORANGE COMMUNITY : CHARTER SCHOOL AND THE BOARD : OF TRUSTEES, : |  |
| Defendants. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before this Court upon motion for summary judgment by East Orange Community Charter School ("EOCCS") and the Board of Trustees of the East Orange Community Charter School ("BOT") (collectively, "Defendants") pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of all parties, it is the decision of this Court that Defendants' motion is **granted**.

**I.    BACKGROUND[1]**

      Plaintiff Wanda Williams was hired by East Orange Community Charter School to serve as a "Long-Term Substitute Teacher" for the 2003-2004 school year. See Plaintiff's Complaint ("Pl. Compl."). Plaintiff's contract was effective August 18, 2003 through June 25, 2004. (Exhibit ("Ex.") B4-5).

      By May 24, 2004, Plaintiff had taken twelve personal days, twelve hours of personal time,

---

[1]The facts incorporated herein have been adopted from the parties' respective submissions.

and was late to work four times. (Def. Undisputed Facts 5:34). On May 26, 2004, Plaintiff was injured while working when a child hugged her around the neck. (Ex. C1, C3). Plaintiff subsequently missed several days of school and was placed on Workers' Compensation leave as of June 7, 2004. (Ex. C8). On June 25, 2004, Plaintiff's contract with EOCCS expired. (Ex. D1). The school, as it informed Plaintiff verbally on August 31, 2004 and through written notification dated September 1, 2004, chose not to renew Plaintiff's contract. Thus, although Plaintiff was ultimately cleared to return to work, effective August 31, 2004 (Ex. D1), she was no longer an employee of EOCCS at the time.

Plaintiff filed for unemployment benefits on September 26, 2004. (Ex. E1). EOCCS later confirmed to the New Jersey Department of Labor and Workforce Development, Unemployment Insurance Office that the reason for Plaintiff's release was *not* misconduct, but rather "non-renewal" of her contract. (Ex. E4).

On August 3, 2005, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), alleging violation of Title VII for race and religious discrimination and for age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiff thereafter received a right-to-sue letter from the EEOC on March 19, 2007. (Ex. F13). The letter advised Plaintiff that the EEOC had completed its investigation, but was unable to establish any violations of Title VII or the ADEA. Id. It further stated that Plaintiff was permitted to sue within 90 days after receiving the right-to-sue letter. Id.

Plaintiff filed suit in this Court on July 12, 2007, alleging four causes of action, including race discrimination and unlawful retaliation under Title VII, violation of the Americans with Disability Act ("ADA"), and intentional infliction of emotional distress.

## II. STANDARD OF REVIEW

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." <u>Gaston v. U.S. Postal Serv.</u>, 2009 U.S. App. LEXIS 5673 (3d Cir. 2009). However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). "[T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Cartrett</u>, 477 U.S. 317, 325 (1986). "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c)." <u>Celotex</u>, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986) (internal citations omitted). Indeed, "unsupported allegations in [a] memorandum and pleadings are

insufficient to repel summary judgment." See Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n., 497 U.S. 871, 889 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

## III. DISCUSSION

In her complaint, Plaintiff alleges four causes of action: (1) race discrimination in violation of Title VII; (2) unlawful retaliation in violation of Title VII; (3) violation of the ADA pursuant to 42 U.S.C. §§ 12101, *et. seq.*; and (4) intentional infliction of emotional distress. Plaintiff previously filed three charges with the EEOC on August 3, 2005.[2] Notably, in this complaint, Plaintiff has omitted two of her prior EEOC charges, which alleged religious discrimination under Title VII and age discrimination under the ADEA. Thus, this Court will not consider these two claims.[3]

---

[2] Plaintiff alleged that EOCCS terminated her for race and religion reasons in violation of Title VII. 42 U.S.C. § 2000e-2000e-17. Under Title VII, an employer is prohibited from "discharg[ing] any individual . . . because of such individual's race [or] religion." 42 U.S.C. § 2000e-2(a)(1). Plaintiff additionally alleged age discrimination in violation of the ADEA. 29 U.S.C. § 621, *et seq*.

[3] Pursuant to this Court's Scheduling Order, dated February 19, 2008, Plaintiff submitted a Narrative Statement on November 20, 2008. In that statement, Plaintiff impermissibly raised four new causes of action, including (1) violation of Title VII for age discrimination; (2) violation of Title VII for religious discrimination; and (3) violation of the Equal Pay Act under 29 U.S.C. § 206(d), *et seq.*; (4) violation of N.J.S.A. § 18A:27-10 for EOCC's failure to provide Plaintiff with timely notice that it was not going to renew her contract. Even assuming, without concluding, that Plaintiff's Narrative Statement constitutes an amended complaint, the Honorable Mark Falk, U.S.M.J. instructed Plaintiff that the final deadline to amend pleadings was June 6, 2008. In addition, a party can only amend its complaint (1) within 21 days after serving it; (2) within 21 days after service of a defendant's responsive pleading; or (3) with consent from the opposing party or the court. See Fed. R. Civ. Pro. 15(a). Here, Plaintiff filed her Narrative Statement on November 20, 2008, several months after the deadline imposed. In effect, the Narrative Statement submitted constitutes an amended complaint without leave of court or consent from her adversary. For these reasons, this Court will not address these four

Accordingly, the Court will only address the Plaintiff's four claims as set forth in the complaint.

    A.    Title VII

Plaintiff is barred from bringing forth her Title VII claim for race discrimination for two procedural reasons.

        1.    Title VII Requirements

Under Title VII, an employee must (1) file a charge within one hundred and eighty days after the alleged unlawful employment practice, or (2), if the employee has already initiated her complaint with a state or local agency, such employee must file her EEOC complaint within 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). In her EEOC complaint, Plaintiff stated that the alleged discrimination took place on or about August 31, 2004.[4] (Ex. F1). Plaintiff, however, filed her EEOC complaint on August 3, 2005, 337 days after EOCCS's alleged discriminatory actions. Therefore, Plaintiff's EEOC complaints are now time barred. See Ruehl v. Viacom, 500 F.3d 375, 383 (3d Cir. 2007) (stating that "a judicial complaint under the ADEA will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action").

The EEOC procedural requirements are subject to equitable tolling. Id. at 384 ("Equitable

---

claims.

[4] Plaintiff filed a claim for unemployment benefits with the New Jersey Department of Labor and Workforce Development on September 26, 2004. It is not clear whether this claim suffices for a state proceeding wherein the agency had "authority to grant or seek relief from such [discriminatory] practice." Even assuming it did, however, the Plaintiff's EEOC complaint was still filed more 300 days after the alleged discriminatory action. Moreover, Plaintiff filed her EEOC complaint *before* she filed for unemployment benefits. Thus, in light of the foregoing, the issue is rendered moot.

tolling stops the statute of limitations from running when an EEOC charge's accrual date has already passed."). Generally, a court will excuse an individual's failure to follow the EEOC deadlines "when it appears that (1) the defendant actively mislead the plaintiff respecting the reason for the plaintiff's discharge, and (2) this deception caused the plaintiff's non-compliance with the limitations provision." Id. (quoting Oshivier v. Levin, Fishein, Sedran, & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). A plaintiff must further "demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." Id. (quoting In re Mushroom Transp. Co., 382 F.3d 325, 339 (3d Cir. 2004)).

In this case, Plaintiff has not stated why this Court should afford her equitable tolling. Specifically, Plaintiff has neither alleged that EOCCS actively mislead her in regards to her contract, nor caused her to file an untimely EEOC claim. EOCCS informed Plaintiff in writing on September 1, 2004 that it was not renewing her contract. (Ex. D1). Moreover, EOCCS has stated, and Plaintiff does not contest,[5] that Plaintiff was verbally informed of her contractual situation on August 31, 2004. (Def. Br. at 9). Plaintiff nevertheless waited until August 3, 2005 to file her EEOC claim. Plaintiff's failure to assert a basis for equitable tolling renders Plaintiff's Title VII and ADEA claims time barred.

2.  EEOC Guidelines

Further, Plaintiff's failure to follow the EEOCS's guidelines precludes her from proceeding with this claim. After Plaintiff filed her EEOC claims on August 3, 2005, the EEOC sent a "Dismissal and Notice of Rights" letter on March 12, 2007, (Ex. F12-13), which Plaintiff received

---

[5] Plaintiff apparently did not submit a Statement of Undisputed Material Facts.

on March 19, 2007. (Ex. G2). In its letter, the EEOC stated that upon completion of its investigation, the EEOC was "unable to conclude that the information obtained establishes violations of the [Title VII and ADEA] statutes." (Ex. F12). More importantly, the letter expressly advised Plaintiff that although she was permitted to proceed with a lawsuit in federal or state court, she had to file the notice within 90 days of receipt of that letter. Despite this warning, Plaintiff did not file the instant suit until July 12, 2007, or 115 days after the deadline. As such, the suit is time barred. See 42 U.S.C. § 2000e-5(f)(1); Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) ("The on-set of the 90-day period is generally considered to be the date on which the complainant receives the right-to-sue letter").

As with the time restrictions discussed above, the principles of equitable tolling are applicable in this situation. See id. However, the Plaintiff has not set forth any justification for failing to abide by the EEOC's explicit procedures. Accordingly, the Plaintiff's Title VII race claim is not viable. Therefore, Plaintiff's Title VII race discrimination claim is dismissed and Defendants' motion is **granted**.

      B.      Title VII Unlawful Retaliation

Plaintiff further alleges that EOCCS violated her Title VII rights by unlawfully retaliating against her after she filed for unemployment benefits. See 42 U.S.C. § 2000e-3(a). Defendant contends, and this Court agrees, that Plaintiff's complaint is procedurally deficient, and as such, the Court must dismiss this claim.

Under Title VII, the plaintiff is required to either (1) file a charge within one hundred and eighty days after the alleged unlawful employment practice, or (2), if the employee has already

initiated her complaint with a state or local agency, such employee must file her EEOC complaint within 300 days after the alleged unlawful employment practice.[6]  42 U.S.C. § 2000e-5(e)(1). Plaintiff here filed her EEOC complaint on August 3, 2005, more than 337 days after the alleged discrimination on August 31, 2004.  Accordingly, Plaintiff did not meet the time limitations, and this Court must dismiss her retaliation complaint.[7]

Even assuming Plaintiff filed her EEOC in compliance with the applicable statute of limitations, Plaintiff failed to exhaust her administrative remedies by omitting allegations of retaliation from the EOCC complaint.  After a plaintiff files a charge against an employer with the EEOC and subsequently receives a right-to-sue letter, a plaintiff's "ensuing suit [in district court] is limited to claims that are within the scope of the initial administrative charge." Barzanty v. Verizon Pa., Inc., 2010 U.S. App. LEXIS 1284, at *5 (3d Cir. Jan. 20, 2010) (unpublished) (citing Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996)).  To determine the "scope" of the charge, a court must consider the extent of the investigation that "can reasonably be expected to grow out of the [EEOC] charge[s]."  Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-399 (3d Cir. 1976)); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984) ("[A] district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges.").  Accordingly, even though a plaintiff is not strictly permitted to pursue only those claims raised in the initial EEOC

---

[6] As stated supra, it is not clear whether Plaintiff's claim for unemployment benefits suffices for a related claim with a state or local agency.  Again, though, even assuming it did, Plaintiff does not meet the 300 day filing requirement, and thus the issue is moot.

[7] The principles of equitable tolling do not change this conclusions because, as before, Plaintiff has not demonstrated any reason why she did not file her EEOC charges sooner.

complaint form, she cannot "greatly expand an investigation simply by alleging new and different facts when" later bringing claims in the district court.  See id. at 967.

In this case, Plaintiff filed her EEOC complaint on August 3, 2005, alleging discrimination based on race, religion, and age.  (Ex. F1).  She did not check the complaint form box labeled, "Retaliation."  Id.  And, in her Form 5 Charge of Discrimination (Form 5), Plaintiff specifically indicated, "I believe I have been discriminated against because of my race (Black), religion and age (44) by being denied wages and discharged, in violation of Title VII . . . and the Age Discrimination in Employment Act."  (Ex. F3).

Even interpreting Plaintiff's EEOC charge "liberally," see Barzanty, 2010 U.S. App. LEXIS 1284 at *7, a "reasonable investigation" of Plaintiff's charges of race, religion, and age discrimination would not have encompassed the claim of retaliation.  See Valdes v. New Jersey, 2005 U.S. Dist. LEXIS 33203, at *10 (D.N.J. Dec. 15, 2005) (dismissing the plaintiff's hostile work environment claim after plaintiff failed to exhaust her administrative remedies).  Despite the Plaintiff's casual reference to her workers' compensation case in her Form 5, the Plaintiff's EEOC allegations are grounded in EOCC's purported discriminatory actions in failing to renew the Plaintiff's contract. Plaintiff has not alleged any facts in her EEOC complaint which support an allegation of retaliation. As such, the EEOC's investigation would have only reasonably encompassed the issues of discrimination.  Plaintiff's failure to exhaust her administrative remedies therefore precludes her from bringing a retaliatory action before this Court.  On this ground, Plaintiff's retaliatory discharge claim pursuant to Title VII is dismissed and Defendants' motion is **granted**.

C.  The ADA

In her complaint, Plaintiff also alleges that EOCCS violated her rights under the ADA by failing to provide Plaintiff with reasonable accommodations after she suffered from a physical impairment that forced her to take Workers' Compensation leave as of June 7, 2004. (Ex. C8). This Court agrees with EOCCS that Plaintiff's ADA claim is procedurally defective, and thus dismissal of the claim is appropriate.

A plaintiff bringing an ADA claim must follow the administrative procedures set forth in Title VII. Churchill v. Star Enter., 183 F.3d 184, 190 (3d Cir. 1999); see also 42 U.S.C. § 12117(a) (stipulating that the powers, remedies, and procedures of the ADA are the same as those under Title VII, specifically 42 U.S.C. § 2000e-5). Accordingly, the plaintiff is required to either (1) file a charge within 180 days after the alleged unlawful employment practice, or (2), if the employee has already initiated her complaint with a state or local agency, such employee must file her EEOC complaint within 300 days after the alleged unlawful employment practice.[8] 42 U.S.C. § 2000e-5(e)(1). More generally, pursuant to Title VII, a plaintiff suing under the ADA must exhaust her administrative remedies before filing suit in district court. Florida-Kaclik v. SSPC: Society for Protective Coatings, 124 Fed. Appx. 707, 709 (3d Cir. 2005). Essentially, under both requirements, a plaintiff must submit a timely EEOC complaint *and* any subsequent suit before a district court can only address claims that are related to those in the initial EEOC complaint.

Plaintiff here filed her EEOC charges on August 3, 2005, without alleging any instances of

---

[8] Again, it is not clear whether Plaintiff's claim for unemployment benefits suffices for a related claim with a state or local agency. As before, even assuming it did, Plaintiff does not meet the 300 day filing requirement, and thus the issue is moot.

disability discrimination by EOCCS. Additionally, she filed her EEOC charges more than 337 days after the alleged discrimination. Thus, as stated above, Plaintiff's claim is time barred and Plaintiff has not demonstrated any reasons for equitable tolling.

Even assuming the included EEOC charges were filed within the statute of limitations or that this Court should excuse her tardiness, there is no argument that the omitted ADA claim was "within the scope of the initial administrative charge," Barzanty v. Verizon Pa., Inc., 2010 U.S. App. LEXIS 1284, at *5 (3d Cir. Jan. 20, 2010) (unpublished) (citing Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996)). In her Form 5, Plaintiff did not provide facts consistent with any allegations of disability discrimination. Accordingly, because Plaintiff's ADA claim is time barred and because Plaintiff otherwise failed to exhaust her administrative remedies by alleging facts related to disability discrimination, she cannot proceed with her ADA claim. On this ground, Plaintiff's ADA claim is dismissed and Defendants' motion is **granted**.

      D.      Intentional Infliction of Emotional Distress

Plaintiff's claim for intentional infliction of emotional distress falls under the exclusive purview of New Jersey State law. In New Jersey, such a claim is subject to a two-year statute of limitations period. N.J.S.A. § 2A:14-2; see Maldonado v. Leeds, 374 N.J. Super. 523 (App. Div. 2005). Nevertheless, under the "discovery rule," a court may in its discretion excuse a plaintiff's failure to file suit within the two-year period. The discovery rule provides that "in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Maldonado, 374 N.J. Super. at 531 (citing Lopez v. Swyer, 300 A.2d 563 (N.J.

11

1973)). "To determine whether the discovery rule applies, a plenary hearing is necessary 'since credibility is usually at issue.'" Id. (quoting J.L. v. J.F., 317 N.J. Super. 418, 429 (App. Div. 1999).

In the absence of a viable federal claim, this Court declines to exercise its supplemental jurisdiction over any of Plaintiff's state law claims[9]. See 28 U.S.C. 1367(c)(3). Accordingly, Plaintiff's claim for intentional infliction of emotional distress is dismissed. On this ground, Defendants' motion is **granted**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment pursuant Fed. R. Civ. P. 56 is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:         March   23  , 2010
Original:      Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File

---

[9] To the extent Plaintiff can assert a viable state law claim, Plaintiff is instructed to file those claims in the appropriate state court forum.

13